**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | |
| v. | ) | **ID No. 1706006410** |
| | ) | |
| | ) | **Cr. A. Nos. IN17-06-0804, etc.** |
| RON A. FLOWERS, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: February 18, 2020
Decided: March 11, 2020

## ORDER DENYING RON A FLOWERS' RULE 35(b) MOTION

This 11th day of March, 2020, upon consideration of the Defendant Ron

A. Flowers' *pro se* Motion for Sentence Modification (D.I. 27), his

supplement thereto (D.I. 30), the State's response, and the record in this

matter, it appears to the Court that:

(1)     On January 24, 2018, following a two-day trial, a jury convicted

the Defendant Ron A. Flowers of one count of Possession of a Firearm by a

Person Prohibited ("PFBPP"), one count of Possession of Ammunition by a

Person Prohibited ("PABPP"), and one count of Carrying a Concealed Deadly

Weapon.[1]

---

[1]     Verdict Sheet, *State v. Ron A. Flowers*, ID No. 1706006410 (Del. Super. Ct. Jan 24, 2018) (D.I. 17); *see also Flowers v. State*, 195 A.3d 18, 22 (Del. 2018) (recounting the facts of the Mr. Flowers' crimes).

(2)     Mr. Flowers was sentenced that same day to:  (a) PFBPP (IN17-06-1545) – 15 years at Level V, suspended after five years for ten years at Level IV (Work Release), suspended after six months for two years at Level III; (b) PABPP (IN17-06-1546) – eight years at Level V suspended in its entirety for two years at Level III; and (c) CCDW (IN17-06-0804) – eight years at Level V suspended in its entirety for two years at Level III [2]  The sentence has an effective date of June 9, 2017.[3]  Because of Mr. Flowers' prior violent felony conviction,[4] the five-year unsuspended term of imprisonment for his PFBPP conviction (IN17-06-1545) is a minimum term of incarceration that must be imposed and cannot be suspended or reduced.[5]

---

[2]     Amended Sentencing Order, *State v. Ron A. Flowers*, ID No. 1706006410 (Del. Super. Ct. Jan 24, 2018) (D.I. 17) (D.I. 21).

[3]     *Id.*

[4]     *See* Criminal Information, *State v. Ron A. Flowers*, ID No. 1212007710 (Del. Super. Ct. Jan 14, 2013) (D.I. 2) (charging Mr. Flowers with drug dealing in heroin in violation of 16 *Del. C.* § 4754(1)); Plea Agreement and Guilty Plea Form, *State v. Ron A. Flowers*, ID No. 1212007710 (Del. Super. Ct. Jan 14, 2013) (D.I. 3) (Mr. Flowers pleaded guilty to drug dealing in heroin in violation of 16 *Del. C.* § 4754(1)).

[5]     DEL. CODE ANN. tit. 11, § 1448(e)(1)(b) (2016) ("Notwithstanding any provision of this section or Code to the contrary, any person who is a prohibited person as described in this section and who knowingly possesses . . . or controls a firearm . . . while so prohibited shall receive a minimum sentence of . . . [f]ive years at Level V, if the person does so within 10 years of the date of conviction for any violent felony."); *id.,* at § 1448(e)(4) ("Any sentence imposed for a violation of [§ 1448(e)] shall not be subject to suspension and no person convicted for a violation of this subsection shall be eligible for good time, parole or probation during the period of the sentence imposed."); *id.,* at § 4201(c) (classifying drug dealing in violation of 16 *Del. C.* § 4754(1) as a violent felony).

(3)     Mr. Flowers docketed a timely direct appeal.[6]  He then filed a *pro se* motion under Superior Court Criminal Rule 35(b)[7] requesting reduction of the Level V term of his sentence.[8]  The Court stayed and deferred decision on Mr. Flower's motion while his appeal was pending.[9]  And after his conviction and sentence were affirmed,[10] Mr. Flowers filed a supplemental Rule 35(b) motion.[11]  The State has filed a response to Mr. Flower's Rule 35 request.[12]

(4)     Mr. Flowers asks for reduction of the five-years of imprisonment imposed for his PFBPP conviction.  He suggests that the Court either was not at the time or would not now be constrained to impose the mandatory five-

---

[6]     *See* Not. of Appeal, *Ron A. Flowers v. State of Delaware*, No. 52, 2018 (Del. filed Jan. 26, 2018).

[7]     *See* Super. Ct. Crim. R. 35(b) (providing that, under certain conditions, the Court may reduce a sentence of imprisonment on an inmate's motion); *Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003) ("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence.").

[8]     Def. Rule 35(b) Mot. (D.I. 27).

[9]     *See State v. Ron A. Flowers*, ID No. 1706006410 (Del. Super. Ct. Jan 24, 2018) (D.I. 28) (order staying Mr. Flower's Rule 35(b) motion during pendency of appeal); Super. Ct. Crim. R. 35(b) ("The court may decide the motion or defer decision while an appeal is pending.").

[10]     *Flowers v. State*, 195 A.3d 18, 22 (Del. 2018).

[11]     D.I. 30.

[12]     D.I. 32.

year term that it did.[13] In turn, he asks for the Court reduce his sentence to time-served.[14]

(5) The Court may consider such a motion "without presentation, hearing or argument."[15] The Court will decide his motion on the papers filed and the complete record in Mr. Flowers' case.

(6) When considering motions for sentence reduction or modification, this Court addresses any applicable procedural bars before turning to the merits.[16]

(7) After 90 days have elapsed from sentencing, an inmate seeking reduction of his term of imprisonment on his own motion must demonstrate "extraordinary circumstances" for the granting of relief under Criminal Rule

---

[13]     Def. Rule 35(b) Mot.,at 2 (D.I. 27) (suggesting he is subject to only a 4-year minimum); Def. Supp. Rule 35(b) Mot., at 2 (D.I. 30). Mr. Flowers also contests the propriety of being convicted of both PFBPP and PABPP, but an argument about the validity of his conviction(s) is not cognizable under Rule 35; a motion to reduce a sentence under Rule 35 presupposes a valid conviction. *See State v. Lewis*, 797 A.2d 1198, 1200 (Del. 2002) ("Rule 61 addresses post-conviction relief, which requires a legal challenge to the conviction, whereas Rule 35(b) allows a reduction of sentence, without regard to the legality of the conviction."); *see also Poole v. United States*, 250 F.2d 396, 401 (D.C. Cir. 1957).

[14]     Def. Supp. Rule 35(b) Mot., at 2 (D.I. 30).

[15]     Super. Ct. Crim. R. 35(b).

[16]     *State v. Redden*, 111 A.3d 602, 606 (Del. Super. Ct. 2015).

35(b).[17] This is because Rule 35(b) provides that the Court may reduce a term of imprisonment upon application outside of 90 days of the imposition of the sentence *only* in extraordinary circumstances[18] or pursuant to 11 *Del. C.* § 4217.[19] The term "extraordinary circumstances" is generally defined as "[a] highly unusual set of facts that are not commonly associated with a particular thing or event."[20] In the Rule 35(b) context, "extraordinary circumstances" are those which "specifically justify the delay;" are "entirely beyond a petitioner's control;" and "have prevented the applicant from seeking the remedy on a timely basis."[21] And for the purposes of Rule 35(b), "'extraordinary circumstances' have been found only 'when an offender faces

---

[17]     *Sample v. State*, 2012 WL 193761, at *1 (Del. Jan. 23, 2012) ("Under Rule 35(b), the Superior Court only has discretion to reduce a sentence upon motion made within 90 days of the imposition of sentence, unless 'extraordinary circumstances' are shown."); *State v. Laboy*, 2003 WL 21517974, at *4-5 (Del. Super. Ct. July 1, 2003) (explaining Rule 35(b)'s "90-day time bar" and the "'extraordinary circumstances' exception" thereto).

[18]     Super. Ct. Crim. R. 35(b) ("The court will consider an application [to reduce a sentence of imprisonment] made more than 90 days after the imposition of sentence only in extraordinary circumstances or pursuant to 11 Del. C. § 4217.").

[19]     *Id. See* DEL. CODE ANN. tit. 11, § 4217 (2014) (permits the Department of Correction to apply for an offender's sentence modification); *Woods v. State*, 2003 WL 1857616, at *1 (Del. Apr. 8, 2003) (Department of Correction has sole discretion to file such a petition).

[20]     *State v. Diaz*, 2015 WL 1741768 at *2 (Del. Apr. 15, 2015) (citing Black's Law Dictionary (10th ed. 2014)).

[21]     *Id.; State v. Remedio*, 108 A.3d 326, 332 (Del. Super. Ct. 2014).

some genuinely compelling change in circumstances that makes a resentencing urgent.'"[22]

(8)  Mr. Flowers was sentenced on January 24, 2018.  He docketed his initial Rule 35(b) motion on May 18, 2018—114 days after his sentencing. Mr. Flowers does not address the time-bar to consideration of his current Rule 35(b) motion.  The Court must. [23]

(9)  To the extent Mr. Flowers suggests that there has been some recent statutory change enacted that would prescribe an avenue to a lesser minimum for one who is serving a previously imposed sentence for PFBPP— a change that he has not identified and the Court cannot locate—for relief under Rule 35(b),[24] he is incorrect.  "Rule 35(b) is not now, nor ever has been, an instrument for reexamination of previously imposed sentences in light of subsequent statutory changes."[25]

---

[22]  *State v. Thomas*, 220 A.3d 257, 262 (Del. Super. Ct. 2019) (quoting *Fountain v. State*, 139 A.3d 837, 842 n.20 (Del. 2016)).

[23]  *See State v. Culp*, 152 A.3d 141, 144-47 (Del. 2016) (this Court abuses its discretion when it ignores Rule 35(b)'s bars on untimely or repetitive requests); *Diaz*, 2015 WL 1741768, at *2 (this Court erred granting inmate's motion without addressing Rule 35's timeliness requirement and its extraordinary circumstances exception).

[24]  Def. Supp. Rule 35(b) Mot., at 2 (D.I. 30) (Proclaiming that "[a]s of 12/21/18 a drug dealing charge is no longer a violent felony so therefor[e] it cannot be used to enhance a PFBPP change, to a violent felony.").

[25]  *Thomas*, 220 A.3d at 261.

(10) Even if Mr. Flowers' application were not procedurally barred, it still could not be granted. Because, even when the Court has wide discretion to reduce a sentence (*i.e.*, upon a timely Rule 35 application[26]), the Court has no authority to reduce or suspend the mandatory portion of any substantive statutory minimum sentence.[27]

(11) As noted above, the unsuspended five years of imprisonment for Mr. Flowers' PFBPP conviction is a minimum term of incarceration that must be imposed and cannot be suspended or reduced.[28] Mr. Flowers' requested reduction would plainly violate the five-year minimum required by 11 *Del. C.* § 1448(e)(1)(b). The Court simply cannot enter an order under Rule 35(b) that does so.[29]

**NOW, THEREFORE, IT IS ORDERED** that Ron A. Flowers' motion for reduction of sentence must be **DENIED**.

---

[26] *See Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When . . . a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").

[27] *State v. Sturgis*, 947 A.2d 1087, 1092 (Del. 2008) ("Superior Court Rule of Criminal Procedure 35(b) provides no authority for a reduction or suspension of the mandatory portion of a *substantive* statutory minimum sentence.") (emphasis in original).

[28] *See* n.5, *supra*.

[29] *Sturgis*, 947 A.2d at 1092.

**SO ORDERED** this 11th day of March, 2020.

_____

**Paul R. Wallace, Judge**

Original to Prothonotary

cc:    Erika R. Flaschner, Deputy Attorney General
       Mr. Ron A. Flowers, *pro se*
       Investigative Services Office